82  585
94  545

CASE 93—HOMESTEAD, CREDITORS—FEBRUARY 19, 1885.

## Burch v. Atchison, &c.

APPEAL FROM WARREN CIRCUIT COURT.

Appellant, a widow, applied for and was allotted dower in her husband's land. No homestead was asked. She left it, and for more than five years lived away from it, in the meantime becoming involved in debt.

1. *Held*—The application for dower and the obtention of it without asking for a homestead waives her right to the latter.

'2. In cases where rights intervene after the occupancy of the claimed homestead has ceased, the court will incline to the conclusion that there was an intention, upon removing, to remain permanently away.

.JNO M. GALLOWAY FOR APPELLANT.

1. Appellant's leaving her home was of necessity, and only temporary. Her tenant was on the land, and she intended to return as soon as she could.

2. Courts do not look with favor upon estoppels, and they are only permitted to operate to further the ends of justice.

.3. The homestead law has always been liberally construed, having for its protection the indigent and helpless. (Phipp v. Acton, 12 Bush, 375; 79 Ky., 527; 78 Ky., 680; Gen. Stat., page 433; Allensworth v. Kimbrough, 79 Ky., 332; Robinson v. Smithy, 80 Ky., 636.)

MITCHELL & DuBOSE FOR APPELLEES.

No brief.

·CHIEF JUSTICE HINES DELIVERED THE OPINION OF THE COURT.

The husband of appellant died leaving her, with several children, in possession of a small farm, which the family had for years occupied as a home. Appellant applied for and was allotted dower, embracing the residence. No homestead was asked for or assigned. She remained with one or more of the children upon the place for some two years, when she rented it by the year and removed to the city of Bowling Green,

some six miles from the farm, there rented property and kept house with some of her children for more than five years, when she removed to and took possession of the farm. At the time of the move to Bowling Green the youngest child was of age. While living in Bowling Green she contracted debts on which judgments were obtained, executions issued, the farm sold and purchased by appellee. After the sale under execution, and with knowledge thereof, appellant repossessed herself of the farm. She brought this suit to set aside the execution sale, upon the ground that she was entitled to a homestead, the dower interest sold being of less value than $1,000. She appeals from a judgment holding the sale valid.

By proceeding to have dower assigned and not insisting upon the allotment of homestead, appellant waived any homestead right she may have had, and thereafter held a life estate in the property assigned to her as dower. In this she was entitled to a homestead, not in the right of her husband's occupancy and ownership, which she could not have abandoned to the detriment of any infant child, but in her own right as by purchase. The homestead right she held in the dower interest she might abandon as if a fee, so that the whole of it could be subjected to her debts. But it is immaterial whether she held the place as a homestead derived through the husband or by virtue of her dower interest, since all the children were of age at the time appellant removed to Bowling Green. The only question is, whether there was an abandonment of and a waiver of the homestead right by reason of the removal to and residence in Bowling Green.

As to the intention to abandon the homestead, the facts are, in addition to those stated: Appellant testifies that she removed to Bowling Green because she could not remain on the farm with her daughter, her sons residing in Bowling Green and elsewhere; that she intended to return as soon as she could induce one of the sons to take charge of the place; that she left on the home premises, and in a room reserved, certain personal property that she did not need in keeping house in the city; and during the time she was away she sent other personal property.

Two of the sons testify that after the removal to Bowling Green the question of going back to the farm was discussed, and that appellant manifested a desire to go if one of the sons would go with her. Upon the other hand are these facts: Appellant was over sixty years of age; her children passed minority; her sons residing in Bowling Green; more than five years' residence by her elsewhere; no domestic ties or obligations to take her back; and the testimony of one witness that she said she had rather live in Bowling Green, and that when she went there she would go to stay. The circumstances under which appellant returned to the claimed homestead does not strengthen the claim that she had originally intended to return. She waited more than five years, and then did not return until the property had been sold under execution for debts she had contracted after abandonment.

It is impossible to lay down an absolute rule as to the amount or character of evidence that will be sufficient to establish the fact of waiver or abandonment

of a homestead right. Every case must be determined by the facts established in evidence in the particular case. In cases, however, where rights intervene, after the actual occupancy of the claimed homestead has ceased, the court should incline the more strongly to the conclusion that there was a present intention on leaving to remain permanently away. The act of ʼeaving, as in this case, was notorious, and the credit may well have been extended upon the faith of the property formerly occupied as a homestead, whereas the same presumption could not arise where the debts were created when the debtor was in actual and personal occupancy.

We do not think there was error in allowing appellee to file an amended answer. The amendment only set up and relied upon the proceeding by appellant in the county court, by which she sought to have dower allotted to her. The existence of these facts were substantially alleged in the petition. In any event it was a matter of discretion with the court below, which does not appear to have been abused and which does not appear to have prejudiced appellant.

Judgment affirmed.