STILL & STILL *v*. ROBERT ANDERSON ET AL.

APPEAL.  *Affirmance on appeal of defendant.  Subsequent appeal of plaintiff.  Plea in bar.  Supreme court practice.*

A plaintiff obtained judgment in a circuit court in an action of ejectment.  The jury failed to assess the value of the rents.  The plaintiff moved for a writ of inquiry, and his motion was overruled.  The defendant afterward appealed to this court.  The plaintiff took no cross-appeal.  The court affirmed the judgment.  The plaintiff then appealed from the judgment of the court overruling his motion for a writ of inquiry.  The defendant (appellee here) plead in bar of this appeal the former appeal and judgment thereon.  *Held*, that

the appeal is not maintainable. The judgment of the court below having been affirmed at the instance of the present appellant, he cannot now assail it for an alleged error existing at the time the former appeal was taken.

APPEAL from the Circuit Court of Tate County.

HON. A. T. ROANE, Judge.

The appellees in this case filed here the following plea in bar to this appeal:

"And the said appellees, D. T. Porter and W. F. Taylor, by attorneys, come, and for plea to the appeal prosecuted in this case say: Appellants were plaintiffs in an action of ejectment in the Circuit Court of Tate County against appellees, and recovered judgment for the land in controversy, from which judgment the said appellees appealed to this court, to its October term, 1885, of which said appeal the other defendant in ejectment, Robert Anderson, was duly and properly notified. Appellants appeared and defended the said appeal. The question litigated on said appeal was whether or not the judgment of said circuit court in said cause shall be affirmed. This court affirmed said judgment in said cause. After the rendition of the judgment of this court in said cause, appellants sued out this appeal in said same cause from the judgment of the court overruling a motion for a writ of inquiry to determine the amount and value of rents due plaintiffs in ejectment, which said judgment of the said circuit court overruling said motion for said writ of inquiry was made and rendered before the institution of said first appeal presented by appellees. And these facts appellees are ready to verify by the records of this court in the case of *D. T. Porter et al.* v. *Still & Still,* appealed from Tate County. Wherefore appellees pray judgment as to whether they shall make further defense to said appeal."

And the appellants filed the following reply:

"And the said appellants, Still & Still, come, and for answer to appellees' plea in bar say: That appellees, Robert Anderson, D. T. Porter, and W. F. Taylor have not heretofore appealed to this court from any judgment of the circuit court involving the judgment which appellants seek to have reversed and set aside; nor has this proceeding and the judgment of the Circuit Court of Tate

County, from which appellants have appealed and which they seek to reverse, ever been considered or passed upon by this court in any way, nor has appellee Robert Anderson, at any time, in any cause, ever appealed from any judgment had in Tate County Circuit Court in this cause."

*Shands & Johnson,* for the plea in bar.

The appeal in this cause should be dismissed on the facts stated in the plea of appellees. When this case was in this court on appeal of the present appellees it was the duty of appellants to have prosecuted their cross-appeal and had any errors in the record against them corrected. It is against the policy of the law to have a case cut up and considered by the courts piecemeal. The judgment of this court affirming the judgment of the circuit court is conclusive against appellants as well as appellees. *Caston* v. *Caston,* 54 Miss. 512.

*Oglesby & Taylor,* contra.

1. The first point we seek to make in this cause in favor of our answer to appellees' plea in bar, and in support of our position, is that the parties to this proceeding—this appeal—are not the same as those in the ejectment trial which was appealed to the October term, 1885, of this court. *D. T. Porter et al.* v. *V. P. Still et al.,* No. 5068. In that case Robert Anderson, one of the appellees in this case, did not appeal from said judgment. If, then, the parties before this court are not the same in both appeals, we respectfully submit that the present appeal is maintainable.

2. The next point we ask the court to consider is that the two appeals—the one in the ejectment trial, prosecuted by appellants, who are now appellees, and the present appeal by appellants—while in the same case, yet are from separate, distinct judgments about different matters. This being true—and the records in the two trials, the record on this appeal and that in case of *D. T. Porter et al.* v. *V. P. Still et al.,* referred to in appellees' plea, show it to be true—we cannot see the applicability of the doctrine announced in *Caston* v. *Caston,* 54 Miss. 512, cited by appellants. We understand that case to announce this wholesome and reasonable doctrine, that where a decree is rendered in a case objectionable in

some respects to both parties, both complainants and respondents, the court will not consider the objections of one side on one appeal and subsequently consider those of the other on another appeal, both appeals being from the same judgment or decree. That both matters—objections on both sides—should be considered and determined on one appeal. Now this is far from being the case here. The judgment first rendered in this case giving appellants the lands in controversy we do not object to. We do not seek in this appeal to do anything in the world with it. We have no grievance to lay before this court as to that judgment which was appealed by the present appellees. We contended in that case before this court that that judgment should be affirmed, and we do not seek in this proceeding—this appeal—even the proverbial infinitesimal change of the dotting of an "i" or the crossing of a "t" in it. We could have asked the court to have referred the matter back to the jury which tried the case that they might fix the amount of rents, etc., and could have assigned its refusal to do so as error, and if we had done this the doctrine of *Caston* v. *Caston* would have come nearer applying.

But instead of doing that we moved the court for a writ of inquiry and for a jury to be impaneled to assess and value the rents. It is the judgment of the court in this respect, upon this motion, that we assign for error, and from which we appeal, and not the other judgment passed upon by this court in the trial of *D. T. Porter et al.* v. *V. P. Still et al.*

COOPER, C. J., delivered the opinion of the court.

The plea in bar of the appeal is sustained. The appellants were appellees in a former appeal, and maintained the correctness of the judgment now sought to be reversed. As it was then affirmed at their instance, they cannot now assail it. *Caston* v. *Caston*, 54 Miss. 512.

The distinction attempted to be drawn between this case and the one just cited is unsubstantial. The effort of the appellants is to have a construction put upon the verdict of the jury different from that given to it by the lower court at the same term at which it was

rendered, and which, if erroneous, was reviewable by this court when the former appeal was here. If there is error now the same error existed then, and the attention of the court should have been then called to it. We cannot try cases by installments.

*The plea is sustained and appeal dismissed.*