CASE 50.—PENAL ACTION BY THE COMMONWEALTH AGAINST D. W. HILTON AND OTHERS.—December 11.

# Hilton v. Commonwealth

Appeal from Henderson Circuit Court.

J. W. HENSON, Circuit Judge.

From the judgment defendant Hilton appeals— Affirmed.

1. Appeal—Cross-Appeal—Entry on Record.—Criminal Code Prac., section 355, provides that in penal actions the appeal shall be similar in all respects to appeals in civil actions. Civil Code Prac., section 755, declares that an appellee may obtain a cross-appeal, at any time before trial; by an entry on the records of the court of appeals. Held, That, as a cross-appeal can not be granted by the circuit court, questions raised by the Commonwealth, in what purports to be a cross-appeal in a penal action, will not be considered by the

court of appeals, where no entry thereof has been made in that court.

2. Insurance—Unjust Discrimination—Rebates. on Premiums—Penalties—Actions for—Questions for Jury.—In an action to recover the penalty imposed by section 656, Ky. Stats., 1903, for rebating upon a policy of insurance, defendant's guilt held, under the evidence, a question for the jury.

3. Same—Parties Liable.—Under Ky. Stats., 1903, section 656. providing that every insurance company, officer, or agent thereof who shall grant a rebate on a policy of insurance not specified in the policy contract shall be fined, an agent of the company who knowingly participates in the act of the insurance broker who secured the contract in granting such a rebate is guilty of the act prohibited, and liable for the penalty imposed.

4. Same—Excessive Recovery.—In an action by the Commonwealth to recover the penalty imposed by Ky. Stats., 1903, section 656, providing a penalty of $500 for rebating upon a policy of insurance, a verdict of $350 was not excessive, or so large as to indicate passion or prejudice.

5. Same—Judgment—Enforcement—Capias Pro Fine. — Under Criminal Code Prac., section 11, providing that a public offense of which the only punishment is a fine may be prosecuted by a penal action in the name of the Commonwealth, and that proceedings therein are regulated by the Code of Practice in civil cases, a fine imposed by Ky. Stats., 1903, section 656, for rebating on a policy of insurance, may be recovered by the Commonwealth in a civil action, and hence, upon recovery of the fine, the Commonwealth is entitled to a capias pro fine under Criminal Code Prac., section 301, providing that, upon judgment for fines, whether rendered on indictments, penal actions, or otherwise, writs of execution may be issued against the person or property of the defendant.

6. Same — Statutes Imposing Penalties— Construction. — Ky. Stats., 1903, section 656, provides that no insurance company or agent thereof shall make any contract of insurance or agreement as to such contract other than is plainly expressed in the policy issued thereon, nor pay or allow any rebate of premium payable on the policy, or advantage in the dividends, or other benefit to accrue thereon, not specified in the policy contract of insurance. Held, That the object of the statute is to prevent insurance companies from discriminating in favor of individuals between insurants of the same class,

Hilton v. Commonwealth.

either as to premiums charged or dividends allowed, and should be given a reasonable interpretation and strict, though not oppressive, enforcement.

DORSEY & STANLEY for appellant.

We think we are entitled to a reversal of this case for these reasons, to-wit:

1. The court should have granted a peremptory instruction at the conclusion of plaintiff's evidence, because the plaintiff had not made out a case against the defendant, D. W. Hilton.

2. After all the evidence was in we were entitled to a peremptory instruction.

3. We were entitled to a peremptory instruction because the court erred in giving instruction No. 1 to the jury.

4. We are entitled to a reversal of this case because the verdict of $350 is excessive, and is not sustained by the evidence.

S. V. DIXON and N. P. TAYLOR for Commonwealth.

N. B. HAYS, Attorney General, and C. H. MORRIS of counsel.

POINTS AND CITATIONS.

1. Cross-appeal against the Michigan Mutual Life Insurance Company, because of peremptory instruction of the court, for insufficient evidence on the part of the Commonwealth. (Equitable Life Assurance Society of U. S. v. Comth., 28 Ky. Law Rep., 333; United States Insurance Co. v. The Comth., 28 Ky. Law Rep., 948; Ky. Stats., section 656.)

2. Excessive verdict of jury founded upon prejudice and passion.

3. That the verdict of the jury was against the law and the evidence.

4. Can a capias pro fine issue on a judgment in a penal action? (Harp v. Comth., 22 Ky. Law Rep., 1792; Criminal Code Proc., section 301.)

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellee, Commonwealth of Kentucky, by a penal action instituted in the Henderson circuit court

under section 656, Ky. St. 1903, sought to recover of the Michigan Mutual Life Insurance Company, D. W. Hilton, its agent for the State of Kentucky, and W. B. Ware, a broker or soliciting agent of the latter, a fine of $500, for their alleged wrongful act in rebating a premium due upon a policy of insurance of $10,000, issued by the insurance company in question to Charles T. W. Argue, of the city of Henderson, April 10, 1906, insuring his life to that amount. The action was later dismissed as to Ware on appellee's motion. Answers were filed by the insurance company and the appellant, Hilton, traversing the averments of the petition, and the action proceeded to a trial as to them; but, after the introduction of appellee's testimony, the lower court, at the instance of the insurance company, peremptorily instructed the jury to find for it, which was done, and to this ruling of the court appellee at the time excepted. At that juncture a like instruction was asked by the appellant, Hilton, which the court refused to give, and to this ruling appellant entered an exception. Upon the conclusion of all the evidence, appellant renewed the motion for a peremptory instruction, but the motion was again overruled, to which appellant excepted. The case then went to the jury, and by the verdict returned appellant was found guilty of the offense charged, and his punishment fixed at a fine of $350, upon which judgment was duly entered. Thereupon he filed motion and grounds for a new trial, but this motion was also overruled, and of this action of the court and the judgment of conviction appellant complains. ' Hence this appeal.

Appellee also prayed and was granted an appeal by the lower court from the judgment entered upon the verdict of the jury in favor of the Michigan

Mutual Life Insurance Company, and briefs of counsel speak of the cross-appeal of appellee, but the record does not show that appellee is prosecuting an appeal, or that a cross-appeal has been granted it. Section 355, Cr. Code Prac., provides: "If the prose-cution be by a penal action, the appeal shall be similar in all respects to appeals, in civil actions." Section 755, Civ. Code Prac., provides: "The appellee may obtain a cross-appeal, at any time before trial, by an entry on the records of the Court of Appeals." No such entry has been made in this court and a cross-appeal cannot be granted by the circuit court. It must be granted by the Court of Appeals. Murphy v. Blandford, 11 S. W. 715, 11 Ky. Law Rep. 125; Mudd v. Mullican, 12 S. W. 263, 385, 11 Ky. Law Rep. 417. Besides, in an ordinary action, if the appellee desires to avail himself on cross-appeal of errors committed by the trial court, he must file motion and grounds for a new trial in the lower court as required in order to prosecute a direct or original appeal (L. & N. R. R. Co. v. Whitehead's Adm'r, 73 S. W. 1128, 24 Ky. Law Rep. 2315); and this appellee did not do. It is patent, therefore, that the action of the lower court, in peremptorily instruct-ing the jury to find the Michigan Mutual Life Insur-ance Company not guilty and in entering judgment dismissing the action as to it, in accordance with the verdict of the jury, is not before this court for review either by original or cross-appeal; consequently that matter will not be considered.

It is only proper, therefore, to consider the alleged errors relied on by appellant, Hilton, for a reversal of the judgment as to him. He complains (1) that the trial court erred in refusing him the peremptory instruction; (2) that the verdict was contrary to and

without support from the evidence; (3) that the jury were erroneously instructed; (4) that it was error to award a capias pro fine against him. Section 656, Ky. St. 1903, under which the action was instituted, provides: "No life insurance company doing business in Kentucky shall make or permit any distinction or discrimination in favor of individuals between insurants of the same class and equal expectation of life in the amount or payment of premiums or rates charged for the policies of life or endowment insurance, or in the dividends or other benefit payable thereon, or in any other of the terms and conditions of the contracts it makes; nor shall any such company or any agent thereof make any contract of insurance or agreement as to such contract, other than is plainly expressed in the policy issued thereon; nor shall any such company or agent pay or allow, or offer to pay or allow, as inducement to insurance, any rebate of premium payable on the policy, or any special favor or advantage in the dividends or other benefit to accrue thereon; or any valuable consideration or inducement whatever not specified in the policy contract of insurance. Every company, or officer or agent thereof, who shall violate the provisions of this section, shall be fined in any sum not exceeding five hundred dollars, to be recovered by action, in the name of the Commonwealth, and on collection, paid into the State treasury." It appears from the testimony in the case at bar that Argue's application for the insurance policy, later issued by the Michigan Mutual Life Insurance Company, was received by Ware, who was at the time an insurance broker engaged in the business of soliciting applications for the company by employment from appel-

lant, Hilton, and that he was paid for his services a commission of 80 per cent. out of the first premium received on each policy issued by the company upon an application procured by him. The terms of the contract of insurance were agreed upon between Argue and Ware, and the contract consummated by a subsequent delivery of the policy by the company and the payment by Argue of the amount Ware had agreed to accept in full of the first premium. This was $49.14, and only 30 per cent. of the actual annual premium of $163.80 expressed in the policy. The policy was delivered to Argue by the appellant, Hilton, state agent of the Michigan Mutual Life Insurance Company, and Argue then paid him the $49.14, in a check on the Ohio Valley Banking & Trust Company. This amount appellant accepted without objection, and at the same time executed to Argue a receipt acknowledging the payment in full of the entire annual premium of $163.80 named in the policy. Appellant admitted these facts on the trial, but explained that his acceptance of the check, without inquiry as to the remainder of the premium, was based upon Argue's statement that $49.14 was what he owed Ware on the policy; thereby leaving it to be inferred that he supposed the difference between the amount actually paid and the full premium, viz., $114.66, had previously been settled with, or paid to Ware by Argue. Argue also admitted that he told appellant when he received the policy and paid him the check of $49.14 that the sum it expressed was what he was owing on the policy, but that the statement was made in reply to an inquiry from appellant as to how much he owed on the policy. The following questions and answers found in the testimony of Argue will show, however, that this was not all

that occurred when appellant delivered the policy: "Q. What did you say to Mr. Hilton when he came and delivered the policy? Did you tell him of the agreement you had with Mr. Ware? Ans. Mr. Hilton asked me what Mr. Ware had agreed to deliver me the policy for. Q. What did you tell him? Ans. I told him it was 70 per cent. reduction." It is true that the conversation as here related by Argue was denied by appellant, but such denial made an issue of fact between the two witnesses which it was the province of the jury to settle, moreover, in view of the information brought home to appellant by the difference between the amount of premium which the policy delivered by him showed to be due and the sum paid, was of itself evidence sufficient to indicate to him that there had been, as testified by Argue, an agreement between Ware and Argue that the latter should be allowed a rebate in premium of .70 per cent. It is manifest, therefore, that there was evidence conducing to prove appellant guilty of the offense charged, and that it authorized the submission of the case to the jury. This being true, the refusal of the lower court to grant the peremptory instruction asked by appellant was not error; nor, is there any just ground for appellant's contention that the verdict of the jury was not supported by the evidence. If, as found by the jury, appellant knowingly participated in the act of Ware, in granting Argue the rebate of 70 per cent., he as well as Ware, violated the statute, for its language is: "Every company, or officer or agent thereof, who shall violate the provisions of this section shall be fined," etc. Equitable Life Insurance Society of U. S. v. Commonwealth, 89 S. W. 537, 28 Ky. Law Rep. 333.

The instructions are not open to the criticism

made by appellant's counsel. We doubt whether the law applicable to the case could have been more aptly set forth than was done by the instructions given the jury. The verdict was not, as claimed by counsel for appellant, excessive, or, as argued, so large as to indicate passion or prejudice on the part of the jury. If the jury had been actuated by prejudice or passion, they would hardly have stopped short of the maximum fine of $500.

Appellant's final contention, that the lower court erred in awarding a capias pro fine against him for the fine inflicted, is wholly untenable. Section 11 of the Criminal Code of Practice provides: "A public offense of which the only punishment is a fine, may be prosecuted by a penal action in the name of the Commonwealth of Kentucky. * * * The proceedings in penal actions are regulated by the Code of Practice in Civil Cases." This court has repeatedly held that under this statute a fine may be recovered in a civil action, unless the offense is one which is by statute required to be proceeded against by indictment alone. Commonwealth v. L. & N. R. R. Co., 80 Ky. 291, 3 Ky. Law Rep. 788, 44 Am. Rep. 475; Commonwealth v. Sherman, 85 Ky. 686, 9 Ky. Law Rep. 218, 4 S. W. 790; Commonwealth v. L. & N. R. R. Co., 37 S. W. 589, 18 Ky. Law Rep. 610. It was also held in Harp v. Commonwealth, 61 S. W. 467, 22 Ky. Law Rep. 1792, that in a penal action like this resulting in the recovery of a fine the Commonwealth is entitled to a capias pro fine; its right thereto being conferred by section 301 of the Criminal Code of Practice, which provides: "Upon judgments for fines, whether rendered on indictments, penal actions or otherwise, writs of execution, as provided in the General Statutes (now Kentucky Statutes), may be

issued against the person or property, of the defendant.'' From our reading of the record and consideration of the errors assigned, we have been unable to find that appellant's substantial rights were prejudiced by any ruling of the trial court. The jury were instructed to acquit him unless they, from all the evidence, believed him guilty beyond a reasonable doubt. They found him guilty, and the record furnishes to us no legal reason for disturbing the verdict. The object of the statute is to prevent insurance companies from discriminating in favor of individuals between insurants of the same class, either as to premiums charged or dividends allowed. The offense of which appellant was convicted is more particularly embraced by that part of the statute which declares: ''Nor shall any such company or any agent thereof make any contract of insurance or agreement as to such contract, other than is plainly expressed in the policy issued thereon; nor shall any such company or agent pay or allow, or offer to pay or allow, as inducement to insurance, any rebate of premium payable on the policy, or any special favor or advantage in the dividends or other benefit to accrue thereon, or any valuable consideration or inducement whatever, not specified in the policy contract of insurance. * * *'' It is important to the insured and to the insurance companies that the foregoing statute be given a reasonable interpretation and strict, though not oppressive, enforcement; otherwise the salutary effect designed by its enactment will be lost.