## Apseloff Brothers v. Hyman, et al.

(Decided February 4, 1915.)

### Appeal from Campbell Circuit Court.

Mechanics' Liens—Defective Construction—Evidence.—In an action to enforce a mechanics' lien, evidence examined, and held that the work for which plaintiffs claimed a lien was not properly done, and they were therefore not entitled to a lien.

HUBBARD SCHWARTZ for appellants.

JAS. C. WRIGHT for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is an action by appellants, Apseloff Brothers, to enforce a mechanic's lien on certain property belonging to appellee, Lizzie Hyman. The case was referred to the master commissioner to hear evidence and report on the claim. He filed a report rejecting the claim. Exceptions to his report were overruled, and judgment entered approving his finding. From that judgment this appeal is prosecuted.

The facts are these:

Appellee, Lizzie Hyman, contracted with Kuller & Golden, general contractors, to build a house on a lot which she owned. Kuller & Golden sublet the brick work to appellants, who, upon completion of the first story, were to be paid the sum of $200, and certain payments thereafter as the work progressed. Appellants completed the first story, and because appellee declined to pay them

the sum of $200, which they claimed that she had agreed to pay, refused to go on with the work. Kuller & Golden then tore down the work which appellants had constructed, and reconstructed the building in part, when they also abandoned their contract.

Appellants are asking a lien for the work which was torn down. They and their witnesses testify that the first story was built according to contract and in a workmanlike manner. The evidence for appellee is that the construction was faulty and did not come up to the requirements of the specifications. We deem it unnecessary to state the evidence at length. Though the evidence tends to show that the appellee promised to pay appellants the sum of $200, the evidence that the first story was properly constructed is by no means satisfactory. Perhaps the most persuasive evidence concerning the character of the work is the fact that Kuller & Golden, the general contractors, who were responsible for the proper construction of the building, tore down the work which appellants had constructed, and replaced it at their own expense. Both the commissioners and the chancellor found that the work for which appellants claim a lien was not properly done, and upon a consideration of all the evidence, we are unable to say that they erred in their conclusion.

Judgment affirmed.