## Empire Coal Co., et al. v. Empire Coal Mining Co., Empire Coal & Land Co., et al.

(Decided June 15, 1920.)

### Appeal from Christian Circuit Court.

Appeal and Error—Conclusiveness of Judgment.—When a party sues another for a sum and recovers a judgment for an amount, but, not such an amount as he claims, and the defendant appeals to this court from the judgment, and the plaintiff does not take an original nor a cross-appeal from the judgment, but, in this court insists upon an affirmance of the judgment, which is done by a judgment of this court, the judgment concludes both parties, and the appellee cannot thereafter maintain an appeal from the original judgment.

TRIMBLE & BELL for appellants.

EDMUNDS & STITES, THOMAS N. GREER, WADDILL & LAFFOON, J. T. E. STITES and GUY H. BRIGGS for appellees.

OPINION OF THE COURT BY JUDGE HURT—Dismissing the appeal.

The Empire Coal & Coke Company on the 15th day of March, 1911, executed a lease upon its mines, etc., in Christian county to the appellant, Empire Coal Company. The duration of the lease was ten years from its date. During the year 1916, the Empire Coal & Coke Company sold its mines and mining property to C. N. Bryan, who in turn sold same to J. D. Hutton and G. Bibbs Jacobs, who thereupon organized two corporations called the Empire Coal & Land Company and the Empire Coal Mining Company. Hutton and Jacobs were the owners of all the stock in both of these corporations, except a few shares issued in the names of members of their families. The latter corporation being in possession of the property, under some kind of an arrangement with the Empire Coal & Land Company, and engaged in working the mines and selling coals therefrom, when on February 13th, 1917, the Empire Coal Company instituted an action, at law, against the Empire Coal Mining Company, the Empire Coal & Land Company, J. D. Hutton, G. Bibbs Jacobs and C. N. Bryan, alleging that the defendants were wrongfully in possession of the property and praying to recover same from them, and damages for its detention. Each of the defendants to this action filed a separate answer in which were presented certain equitable defenses, which resulted in causing a transfer of the action from the law side of the docket to the equity side of it, and a final judgment in the case by the chancellor. Before the submission of the cause, the Empire Coal Company filed an amended petition in which it averred as a fact, its claim to the possession and use of the property under the lease to it from the Empire Coal & Coke Company, and that the defendants had acquired their rights to the property with full knowledge of the existence of the lease which it held, and prayed in the alternative that either it be granted the relief sought in its petition, or "that if said relief cannot be granted in full, that it be adjudged a lien on said property for whatever amount the court may adjudge to be due it and all other relief which plaintiff may be shown to be entitled according to the rules of equity, etc." When the cause was submitted for trial and judgment, the court adjudged that the Empire Coal Company recover of C. N. Bryan the sum of $8,000.00, for the value of its rights under the lease, but of this sum it should recover from the Empire Coal Mining Company and the

Empire Coal and Land Company, the sum of $4,000.00, with a lien upon the property to secure the payment of the judgment and an order of sale of the property to satisfy the judgment, but with a judgment over in favor of the two latter companies against Bryan for the amount of the judgment, when it should have been paid by them. The Empire Coal Company was awarded a judgment for its costs against the Empire Coal Mining Company, the Empire Coal & Land Company, J. D. Hutton, G. Bibbs Jacobs and C. N. Bryan. From so much of the judgment as adjudged a recovery of costs, and a lien upon the property for the satisfaction of the judgment of $4,000.00, and its interest, against the Empire Coal. Mining Company and Empire Coal & Land Company, the latter two companies, Hutton, Jacobs and Bryan prayed and were granted an appeal to this court, and from so much of the judgment as adjudged a recovery of $4,000.00 with its interest against the Empire Coal Mining Company and Empire Coal & Land Company, they prayed and were granted an appeal to this court. From so much of the judgment as adjudged a recovery in favor of the Empire Coal Company against the Empire Coal Mining Company and the Empire Coal & Land Company of only $4,000.00 and its interest, and failed to adjudge $12,500.00, the Empire Coal Company prayed and was granted an appeal to this court. From so much of the judgment as adjudged a recovery of only $8,000.00, instead of $12,500.00, and failed to adjudge a recovery in its favor of the further sum of $2,200.00 against Bryan for the value of certain personal property, the Empire Coal Company prayed and was granted an appeal to this court.

The judgment was rendered on the 7th day of July, 1917, and on the 17th day of December thereafter, the Empire Coal Mining Company, the Empire Coal & Land Company, Hutton and Jacobs perfected their appeal to this court against the Empire Coal Company and thereafter on the 28th day of March, 1919, the action was tried upon that appeal in this court, and the judgment of the circuit court was affirmed. Empire Coal Mining Company, et al. v. Empire Coal Company, 183 Ky. 699. After the judgment had been affirmed the Empire Coal Company collected the judgment which it had recovered against the Empire Coal Mining Company and the Empire Coal & Land Company. After the affirmance of the judgment the Empire Coal Company became a bank-

rupt, and before two years had expired, in fact lacking a day, after the rendition of the original judgment, the Empire Coal Company by its trustee in bankruptcy, took this appeal upon the same record as the appeal of the Empire Coal Mining Company and others against it had been taken. The appellees, here, are the same as the appellants upon the former appeal, and the appellant, here, was the appellee upon the former appeal. The appellees, by answer in this court, set up several grounds upon which they insist that the present appeal ought to be denied. One of the grounds is that the question to be decided is *res judicata,* and that the appellant is estopped by the former judgment of this court, rendered upon the appeal of the present appellees, to again litigate the question which the appellants seek to have again considered upon the present appeal. It will be observed that the judgment of the circuit court determined that the appellant had a right of recovery against the appellees because of appellant's rights under the lease, and the amount which appellant was entitled to recover of appellees was adjudged by the circuit court to be the sum of $4,000.00, and for the satisfaction of such sum awarded appellant a lien upon the property, which lien was directed by the judgment to be enforced. The appellees, upon their appeal from that judgment, among other things, insisted that the judgment against them was erroneous, because the lease was as they asserted valueless. The appellant was the sole appellee and appeared in this court and by briefs of its counsel insisted upon an affirmance of the judgment, which was adjudged by this court to be done, and that judgment has long since become final. The appellant being a party to the former appeal, and a party to the judgment of this court which affirmed the judgment of the circuit court, it is difficult to suggest any reason why that it should not be concluded by that judgment, as to matters and things in issue upon the former appeal between it and the appellees and which were decided by this court. It is needless to say that it is a doctrine of universal application to the judgments of all courts that, an existing final judgment given upon the merits of the controversy where the matter is one within the jurisdiction of the court is conclusive of the rights of all the parties to that judgment and their privies in any other action upon the same matters in issue. Where a claim or demand has been thus adjud-

icated, it is a finality and concludes the parties and
their privies, not only as to all matters which were
offered to sustain or defeat the claim in controversy,
but as to all matters which are admissible for that pur-
pose, and which includes everything which might have
been properly litigated in the action, and when one sues
another for a sum of money, the sum, which the court
adjudges as the amount due, is a final determination
upon that issue as long as the judgment remains un-
reversed. The reason for the above principles rests
upon the necessity and expediency of ending contro-
versies and litigations, so that when a right has been
once tried and determined, or opportunity has been
once fairly given for the purpose, parties will not be
permitted to vex others, as well as courts, with a second
trial, and adjudication of the same matter of contro-
versy. There does not seem to be any greater reason
for the application of these doctrines to trial courts,
than to those of review, and in the latter a party will
not be permitted to split up his cause of action, and to
have a trial by piecemeal, or to maintain a second action
against the same party for the establishment of the same
right in this court than in any other, where opportunity
has been given him upon the first appeal to present his
entire cause of complaint, and to have an adjudication
upon it and an end of it. In Montgomery against Garr
Scott & Company, 18 K. L. R. 607, a party, who
was an appellee to a former appeal, which was
determined by a judgment of this court and who
thereafter took an appeal from the same judg-
ment against the parties, who were appellants
upon the former appeal, and about the same
matter of controversy, this court held that the party
being a party to the former appeal judgment was
concluded by it. This view seems to be logic of the law
and in accordance with the policy of the law of this
state, as well as that in every other, and why it should
not be so, there does not seem to be any sound reason.
A party who is before this court, with every opportun-
ity afforded him, to make complaint of the judgment of
the court from which an appeal has been taken, and by
taking advantage of the opportunity and rights that he
has to have any contention that he may desire to present
to this court, passed upon and determined, surely there-
after should not be permitted to come and require this

court to again try the cause of controversy, between him and his adversaries as in that event there would be no end of litigation, and when a judgment was rendered by this court in place of its being a finality, it would be open to be set aside and disturbed at the caprice of any litigant.

The appellant, however, now insists that it has a right to appeal from the judgment of the trial court, because it was granted an appeal by that court, and now desires to appeal from so much of the judgment as fixes the amount which it should recover of the appellees. As heretofore stated, the appellant did specifically pray an appeal against the appellees from so much of the judgment as fixes the amount of the recovery, while the appellees prayed an appeal against the right of appellant to recover anything as well as the amount which the circuit court adjudged it to be entitled to recover of appellees. It thus now appears that appellant does not desire a readjudication by this court of the liability of the appellees to it, but desires to split the cause of controversy, and to leave the former judgment of this court undisturbed as to its right of recovery against the appellees, but to have the former judgment, which was final, set aside to the extent that the amount of the recovery was fixed and to have a readjudication of that question. It does not require any argument to demonstrate that such a proceeding as that, upon such terms and conditions, would not be permitted in a trial court, and why should it have standing in this court? It is true, that where both the plaintiff and the defendant pray and are granted an appeal from a judgment of the circuit court to this court, they may each take and perfect their appeals at the same time and upon the same record. Allen County v. U. S. Fidelity and Guaranty Company, 122 Ky. 832. Section 755 Civil Code provides as follows: "The appellee may obtain a cross-appeal at any time before trial, by an entry on the records of the Court of Appeals." Thus a cross-appeal may be taken by an appellee as a matter of right to have any errors of the trial court, prejudicial to him, reviewed and corrected, upon the hearing of the appeal against him, by a judgment of this court. A cross-appeal, however, must be taken by the appellee before the submission of the original appeal for trial in this court, in order that it may be heard by the court at the same time

the original appeal is considered and disposed of, and
to prevent the necessity of having a trial of the same
issue, between the same parties, a second time. Patrick
v. Fletcher, 149 Ky. 730; Covington Transfer Co. v.
Piel, 9 R. 665; Louisville Tobacco W. H. Co. v. Colbert,
180 Ky. 718. While by the provisions of section 755,
*supra*, the cross-appeal which an appellee may take re-
quires it to be taken before the trial of the original ap-
peal, the same reasons for the enactment of such pro-
vision, and the same reasons for the judgments of the
courts, cited, would require a party, who has prayed and
been granted an appeal from a judgment, and his ad-
versary also has been granted the same right, and per-
fects his appeal by filing the record in this court, to
also, perfect his appeal before the submission of the ac-
tion for trial in this court. There could be no question
but what present appellees are bound by the former
judgment of this court upon the appeal which they took
against the appellant as to the matter in issue, upon that
appeal. As heretofore stated, the matter, in issue, upon
that appeal was the right of the appellant to recover a
sum against them and to subject their property for its
payment, as well as the amount to which the appellant
was entitled to recover. If the present appeal should
be entertained it would be to hold that appellant is not
bound by that judgment, although the appellees are,
which would be contrary to the general rule that the
estoppel by a judgment, is mutually binding upon all the
parties to it. The appellant was not deprived of an op-
portunity, by the provisions of the Civil Code or other-
wise, of bringing before this court any cause of com-
plaint that it had of the judgment of the trial court with
regard to the matter in controversy between it and the
appellees, upon the former appeal, before the submission
and trial of the cause upon that appeal and adjudication
by this court upon the merits of the appeal. The appel-
lant had two ways open by which it could have had, be-
fore the question was adjudicated upon, by this court,
any complaint which it had of the judgment, presented
to this court for trial, along with the appeal of the ap-
pellees. It could have taken the appeal which was
granted it by the lower court, or it could have prayed a
cross-appeal with the same effect, as provided by sec-
tion 755, *supra*, Civil Code. Hence, it appears that ap-
pellant alleging a cause of action against the appellees,

secures, by the judgment of the chancellor, a recovery against them, but not the amount to which he claims to be entitled. The appellees appealed from that judgment, and the appellant, also, prayed and was granted an appeal. It, however, did not take its appeal, nor did it take a cross-appeal, but, instead appeared in this court and insisted upon the affirmance of the judgment. After the judgment is affirmed, it now undertakes an original appeal from the judgment involving the same matter, which was the subject of the decision of this court upon the former appeal. When the judgment of the chancellor was affirmed, it became the judgment of this court from which no appeal can be taken to itself. If it had been reversed, then there would have been nothing to appeal from. It was the duty of appellant, when appellees took their appeal from the judgment, to have before the submission and trial, either, to have effected its appeal from the judgment or to have taken a cross-appeal, and thus had all the questions in controversy, between the parties about the particular matter, disposed of by the one judgment of the court. This course should have been pursued, not because of any statutory provisions, but that this court should not be subject to the trial of the same matter of controversy between the same parties, twice, and because when the decree of the chancellor was affirmed, it became the judgment of this court, which is final, and not subject to appeal and because of the common law principle, that when parties have an action pending before a tribunal having jurisdiction of the matter in controversy, it is their duty to present to the court all their respective grounds to sustain its action, and to defeat it, where the law authorizes them so to do, and when the court has determined the matter, it concludes both parties, in another action, or proceeding between them concerning the same issues. Caston v. Caston, 54 Miss. 513; Still & Still v. Anderson, 63 Miss. 545; Howell v. Jackson, 86 Ark. 530; Corning v. Troy Nail Factory, 15 Howard (U. S.) 451; Martin v. Hunter, 1 Wheat 355.

The appeal is therefore dismissed.