### General Refractories Company, et al. v. James.

(Decided January 20, 1928.)

Appeal from Rowan Circuit Court.

1. Appeal and Error.—Where a defendant appealed to the Court of Appeals, but the plaintiff did not pray for an appeal, he had no cross-appeal, since such appeal could be granted only by the reviewing court.

2. Mines and Minerals.—In landowner's action to eject the purchaser of mineral rights from a part of the land, held that the owner's conveyance of the clay and mineral rights under the land to the defendant, giving the purchaser the right to take the minerals from the land in whatever manner it might decide was most economical or convenient, did not give purchaser the right to erect on the land a residence for a night watchman of the mines and a barn for mules used in the mines, but such right related solely to mining and removing of clay or minerals.

CLAY & HOGGE and JOHN M. THEOBALD for appellants.

LESTER HOGGE for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

J. D. Walker, who was the owner of a tract of land in Rowan county, conveyed the clay and mineral rights under that land to the appellant, General Refractories Company. In the deed it was provided:

"Together with all necessary rights of way over, under and upon the aforesaid land for tram roads or other roads to remove the fire clay from the said land for hauling other fire clay it may desire to haul over same; and the right to cut down and use black oak standing timber measuring 8 inches or less for mining or tram roads purposes, and *together with the right to take said mineral from said land in whatever manner it may decide is most economical or convenient,* and together with the right to prospect by digging holes, running entries, putting down drill holes or in whatever manner it may deem best." (Italics ours.)

Thereafter Walker conveyed the surface of this property to the appellee, Earnie James. Later the appellant erected near the mine opening on this property a residence for' a night watchman for the mines and a barn for the mules used in the mines. It is stipulated that where this residence and barn were located were the only places upon any land near the mines controlled by appellant that buildings of this kind could be built. Appellee then brought this suit to eject the appellant from any use or control of the land in connection with this barn and residence, and for certain other relief, which on a motion to elect he abandoned.

On submission of the cause, the court adjudged that the appellant had no right to erect the house and barn on this property, and ordered the appellant to remove the same within 60 days from the entry of the judgment. From this judgment both parties prayed an appeal to this court, but only the appellant has perfected its appeal. The appellee seems to think that he has a cross-appeal; but a cross-appeal can only be granted by this court, and this he had never prayed. There is therefore no cross-appeal or direct appeal by the appellee before us.

The appellant insists that it had a right to erect the buildings in question under that portion of the deed we have italicized. However, we are of the opinion, that

this provision of the deed relates only to the method of mining and has nothing to do with any economical or convenient way for appellant to conduct its business aside from such method of mining. The cases relied upon by the appellant do not at all militate against this conclusion. In the case of McIntire v. Marian Coal Co., 190 Ky. 342, 227 S. W. 298, the deed plainly provided for the right of the coal company to erect houses and other buildings on the land in question. In the case of Horseshoe Coal Co. v. Fields, 207 Ky. 172, 268 S. W. 1078, the rights claimed were specifically granted by the deed in question. The same is true in the case of Collins v. Lackey Mining Co., 219 Ky. 31, 292 S. W. 1091. The deed here, however, nowhere grants the appellant the right to erect any buildings on the property. The provisions taken together relate solely to the mining and removal of the clay. That portion of them relied upon by appellant is found in the midst of other clauses dealing only with the methods of mining and removal of the clay. It is clear that the parties did not intend by the italicized clause to enlarge on the purposes of the other clauses, but only to give the appellant a freer hand into carrying out such purposes. The buildings which were erected were built in order that appellant could conveniently conduct its business, but such buildings had no relation to any method of mining or removing the clay underlying this property. The clause relied upon was plainly confined to this.

Perceiving no error in the judgment of the lower court, it is affirmed.