## Chiles et ux. v. Robinson.

(Decided March 20, 1928.)

### Appeal from Fayette Circuit Court.

1. Trusts.—In action to settle trust, refusal to charge trustee with insurance money collected by him, or interest thereon, held not error, where insured house was repaired after fire by trustee with his own funds and insurance money collected was used to reimburse him in part for such expenditure.

2. Trusts.—Where trust funds for several years were not sufficient to pay interest and necessary charges, and trustee advanced money to save trust estate from default and loss, it was proper, in action to settle trust, that such outlays be returned to him with legal interest.

3. Trusts.—Where trustee did not use balance of trust funds on hand or earn any interest thereon, court properly refused, in action to settle trust, to exact any interest from trustee on such amounts.

4. Trusts.—In settlement of trust estates, Ky. Stats., sec. 889, reposes discretion in courts in regard to costs, and Court of Appeals does not interfere with exercise of such discretion unless it is abused.

5. Trusts.—In action to settle trust in which trustee was allowed no compensation and acted for cestui que trust, who was sui juris, but needed assistance to rescue him from precarious position, trustee held entitled to costs and counsel fees out of trust funds.

6. Appeal and Error.—Findings by master commissioner on conflicting evidence and involving complicated accounts, approved by trial court, will not be revised by Court of Appeals, in absence of error in some material matter.

7. Appeal and Error.—Cross-appeal may be taken only in Court of Appeals under Civil Code, sec. 755.

8. Appeal and Error.—Motion for cross-appeal, filed in Court of Appeals after submission and trial of appeal, will be denied, since such motion must be entered on records of appellate court before final submission.

JOHN W. ROWE and R. W. KEENON for appellants.

GEORGE W. VAUGHN for appellee.

Opinion of the Court by Judge Willis—Affirming.

This is an action to settle a trust. J. Alexander Chiles and wife were financially embarrassed, and threatened with suits which they feared would result in the sacrifice of their property. They arranged with P. D. Robinson to accept conveyance of their real estate

in Lexington for the purpose of protecting their creditors, and on February 23, 1914, the conveyance was made. Robinson put his own property in lien with the trust property to secure creditors of Chiles, and thereby obtained extensions until he was able to realize upon some of the property and managed the whole matter so successfully that all the debts were discharged and the home of appellants was saved and freed of debts. It took him eleven years to perform the task, and he manifested extraordinary ability, patience, and persistence in its accomplishment. He was a practicing physician, and the handling of the trust imposed a most trying burden upon him. But, as he expressed it, he was "in the tread-mill and had to tread it." On January 28, 1925, the last debt was extinguished, and there remained on hand the home property and some money to be returned to Chiles. A settlement was requested, and the trustee turned over to Chiles his record of the transaction. Chiles went over the record, and on March 11, 1925, demanded a settlement on terms dictated by him. The demand was not satisfactory to Dr. Robinson, and he suggested that some compensation should be allowed him for his long, arduous, and successful efforts for Chiles. Chiles then filed this action on March 17, 1925, setting up the facts from his standpoint, and praying for a judgment for $1,972.03, with interest from January 28, 1925, for an accounting for certain rents, for a reconveyance of the home property, and for $1,000 damages for withholding the property. In an amended petition Chiles exhibited receipts for $172.25 which he had paid to Robinson in 1917, 1918, and 1920, in several separate payments, and demanded credit therefor.

The answer of defendant set up fully the details of the trust, and sought compensation for his services and for his attorney, and prayed for a settlement of his accounts. Various other pleadings were filed, and, after the issues were completed, the case, was referred to the regular master commissioner to hear the proof, settle the accounts, and make a report.

The commissioner reported the result of his hearings, and both parties filed exceptions, all of which were overruled except one, relating to an item of interest amounting to $601.69, which the commissioner had refused to allow the trustee, but which the court allowed.

A judgment was accordingly entered, and the appellants complain because of refusal to charge the trustee with $275 rent, with $127 and $82 interest, with $202.50 fire insurance collected, with $40.75 excess taxes, and some other items, and because of the allowance of interest of $601.69, an attorney's fee of $300, and costs to the trustee.

The trustee had a difficult and prolonged task, and it is remarkable that the accounts were so well kept when the nature of the trust is considered. The whole matter was managed with marked ability, and it was most fortunate for the appellants that they found a friend ready and able to perform such a service for them. It has resulted in saving their home and in relieving them from debts, and, but for the skill, loyalty, and energy of Dr. Robinson, a different history would have been written. Nevertheless the appellants are entitled to have the trust settled in accordance with the law governing such matters, and we have carefully considered all the objections and exceptions which they have urged upon us.

The commissioner and the court properly refused to charge the trustee with $275 rents and $127 interest thereon which it was alleged had been collected from Amanda Allen. There was nothing in the evidence to warrant the inference that this rent had been paid to the trustee.

The claim respecting the fire insurance fund was likewise properly rejected. In 1915 one of the houses was damaged by fire. It was repaired at once by the trustee with his own funds, and the trust property was thereby restored to its original value. The insurance money collected by the trustee was used to reimburse him. No injury resulted to the trust estate, and appellant cannot complain that the trustee did not make a profit out of the fire for the trust estate. The uncontradicted evidence is that the trustee expended more in repairing the house than he collected from the insurance company. It is apparent that the court did not err in declining to charge the trustee with the insurance money or interest thereon.

The taxes were paid by the trustee in connection with his own taxes, and it is urged that he apportioned too much to the trust. The court and commissioner disallowed the claim, and we concur in their conclusion on that matter.

The commissioner declined to allow the interest charge of $601.69, but the court reversed that ruling and allowed the trustee that credit. It was expressly admitted in the petition, and was manifestly proper. The trust funds for years were not sufficient to pay interest and necessary charges, and the trustee advanced the money to save the trust estate from default and loss. It was proper that his outlays be returned to him, with legal interest, and appellants so conceded in their pleadings.

But they complain that, after the debts were paid and there was a balance on hand, interest should have been charged against the trustee. He did not use the trust funds, or earn any interest thereon, and the court properly refused to exact any interest under the circumstances.

Appellants also object to the allowance of any fee to the attorney for the trustee and adjudging payment thereof and the costs out of the trust funds.

In the settlement of trust estates, the statute reposes a discretion in the courts in regard to costs, and we do not interfere with the exercise of that discretion, unless it is abused. Kentucky Statutes, sec. 889; 39 Cyc. 507; Lape v. Jones (Ky.) 15 S. W. 658, 12 Ky. Law Rep. 875. In this case the trustee was allowed no compensation, and acted for a cestui que trust who was sui juris but needed assistance to rescue him from a precarious position. We concur in the judgment of the circuit court that the trustee was entitled to his costs and counsel fees out of the trust funds. The commissioner and the circuit court gave extended and intelligent consideration to all matters involved in the case, and the exceptions do not manifest any material error.

It is the rule of appellate practice, justified by reason and experience, that findings by a master commissioner on conflicting evidence and involving complicated accounts, approved by the trial court, will not be revised by us, in the absence of error in some material matter. Madison-Jackson-Estill L. & D. Co. v. Coyle, 166 Ky. 108, 178 S. W. 1170; Wilson v. Ward, 151 Ky. 233, 151 S. W. 353; Apseloff v. Hyman, 162 Ky. 541, 172 S. W. 946.

Upon a consideration of the whole record we find no ground for disturbing the judgment of the circuit court in this case.

Argument for appellee and response thereto for appellant is made as though a cross-appeal was before us, but such is not the case. A cross-appeal may be taken only in this court. Civil Code, sec. 755; Hilton v. Commonwealth, 127 Ky. 486, 105 S. W. 956, 32 Ky. Law Rep. 377; General Refractories Co. v. James, 222 Ky. 653, 1 S. W. (2d) 1059.

Since the submission and trial of this appeal, the appellee has filed in this court a motion for a cross-appeal. The motion comes too late, as it must be entered on the records of this court before final submission. Louisville Tobacco Warehouse Co. v. Calvert, 180 Ky. 718, 203 S. W. 567; Empire Coal Co. v. Empire Coal Mining Co., 188 Ky. 516, 222 S. W. 947; Patrick v. Fletcher, 149 Ky. 730, 194 S. W. 1008. The motion for cross-appeal is therefore denied.

The judgment is affirmed.