## Rollins v. Van Jellico Mining Company, et al.

(Decided February 28, 1922.)

### Appeal from Whitley Circuit Court.

Deeds—Abandonment of Use of Land—Reversion.—Where one has by deed of warranty conveyed the absolute fee simple title to a tract of land that a spur track of a railroad may be built thereon, there being no provision for a reversionary interest or restriction upon the right to the use thereof by the grantee, upon the abandonment of the use of the spur track constructed thereon, the title does not revert to the grantor nor can he maintain any cause of action on any supposed title remaining in or reverting to him.

H. C. KING and STEPHENS & STEELY for appellant.

H. G. GILLIS and TYE & SILER for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

In July, 1903, appellant and his wife conveyed to the Van Jellico Mining Company a narrow strip of land owned by him, varying in width from sixty-six to eighty-six feet and containing 4.75 acres.

In November of that year the mining company conveyed the same tract of land to the Louisville & Nashville Railroad Company, and shortly thereafter there was erected lengthwise over that tract of land a switch or spur track running from the main line of the Louisville & Nashville Railroard Company to some coal mines operated by the Van Jellico Mining Company.

The coal operation continued and the spur track remained in operation until October, 1917, at which time the mining operations ceased and the railroad company tore up and removed its track and appurtenances from the spur track and abandoned the operation of same.

When the railroad company abandoned the operation of the spur track it destroyed the stock gaps at the upper and lower ends of this strip of land and constructed across same at each end a fence which has since been maintained by one or both of the companies.

Appellees, John and I. B. Phfaff, under some sort of claim from the two companies, are using the strip of land as a private road, and have, as alleged, torn out the fences so erected by the railroad company when it abandoned this track, and this is an equitable action by the plaintiffs against the two companies and the two Phfaffs seeking to enjoin them from entering upon the strip of land or using the same or opening any gates thereon.

The trial court sustained a demurrer to the plaintiff's petition and dismissed the same and from that action this appeal is prosecuted.

The petition, in addition to the facts above stated, alleges that the conveyance of July, 1903, by the plaintiffs to the Van Jellico Mining Company of the strip of land was for railroad right of way purposes only, and the right to the injunctive relief seems to be based upon the idea that upon the abandonment by the railroad company and mining company of the operation of the spur track the tract of land reverted to and became the property of the plaintiff.

There is filed with the petition a copy of the deed of appellant to the mining company as an exhibit and it shows upon its face that the conveyance was an absolute one in consideration of $185.75, and the agreement to construct necessary crossings for the use of appellant, and the additional agreement to change the course of a small stream which ran along or through the strip of land.

Manifestly, the rights of appellant must be determined not from the allegation in his petition that the conveyance was for railroad right of way purposes only, but from the provisions of the deed which is filed with and as a part of the petition.

There is no allegation of fraud or mistake in the terms of the instrument nor does the instrument itself evidence any purpose whatsoever to limit or abridge the absolute fee simple title therein conveyed. There is no provision for a reverter in any event, nor is there any limitation whatsoever upon the right of the grantee therein to the use of the same; in fact, it is in the usual and customary form of fee simple deeds.

Not only does this deed fail to provide for any reversionary interest in the grantor, not only does it fail to place any restriction upon the right of the grantee to use the property in any way it sees fit, but even in the allegations of the petition, which of course would be controlled by the provisions of the deed, there is no allegation that the same was to revert to the grantor when the operation of the contemplated spur track should cease, or that there was any restriction whatsoever upon the use thereof by the grantee, except the allegation that the strip of land thus sold was for "railroad right of way purposes only."

Clearly this latter allegation will be controlled by and deemed untrue in the face of the provisions of the exhibit filed therewith.

The action is based wholly upon the theory that the deed was only for a right of way and reliance is had upon the case of Laurel County v. Howard, 189 Ky. 221, as authority for that proposition. While the terms of the deed in that case are not given at length, in the opinion they are stated to be a conveyance to the railroad company of "an unconditional right of way," and the court very naturally and properly held that to be only a right of way conveyance and not one in fee simple.

But it is said that in a former litigation between appellant and the Van Jellico Mining Company (32 R. 1190), this court in dealing with a controversy growing out of this conveyance referred to it as a conveyance of the right of way for said road. But that action had only to do with the liabilities of the grantee in that conveyance as to the construction of certain crossings for the benefit of the grantor, and the question whether the same was merely a

right of way deed or a conveyance of the fee simple title was not presented or discussed. Manifestly, the original purpose in the procurement of the conveyance was the building of a spur track, and the court in the opinion merely referred to the narrow strip of ground as the right of way and in no sense intended to determine, or did determine, that the deed conveyed a right of way only.

The deed in question conveyed a fee simple title to the strip of land without qualification or restriction, and appellant having executed the same, cannot maintain any cause of action on any supposed title remaining in him or reverting to him in the face of his warranty of title therein.

The fee simple title being in the railroad company it had a right to convey or lease the same to the Phfaffs and there remained in appellant no right to interfere with their use of it.

Judgment affirmed.