### Barton, et al. v. Jarvis, et al.

(Decided February 11, 1927.)

Appeal from Whitley Circuit Court.

1. Railroads—On Conveyance by Railroad of Land Granted for Certain Purposes, Land was Abandoned and Reverted to Grantor's Successors—"Abandonment."—Where deed to railroad indicated conveyance was made on condition that ground should be used only for certain purposes, conveyance by railroad to another con-

stituted "abandonment," whereupon land reverted to successors of grantors.

2. Railroads—When Purposes for Which Land was Conveyed to Railroad Are Abandoned, Land Reverts—"Easement."—If uses of land granted to railroad are limited to certain purposes, railroad acquires only an "easement" therefor, and, when purposes for which land was conveyed are abandoned, land reverts.

3. Easements—Forfeiture of Easements are not Favored, Unless Intent to Abandon Plainly Appears.—The courts are not inclined to favor forfeiture of easements, unless intent to abandon them plainly appears.

4. Abandonment—Attempt to Convey by Railroad is Conclusive Evidence of Intent to Abandon Ground Conveyed to it for Definite Purpose.—Act of railroad in attempting to convey a fee-simple title to land conveyed to it for specific purpose is conclusive evidence of its intent to abandon ground for purpose for which it had been conveyed.

WOODWARD, WARFIELD & HOBSON for appellant Louisville and Nashville Railroad Company.

R. L. POPE and TYE, SILER & BROWNING for other appellants.

STEPHENS & STEELY for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

In 1881 the Knoxville extension of the Lebanon branch of the Louisville & Nashville Railroad was constructed through Laurel and Whitley counties. The railroad was constructed through a farm consisting of 600 acres of land owned by two brothers, Elihu Sutton and Liberty S. Sutton, and on the right of way of a public road. The railroad company constructed a new public road through the Sutton farm on the east side of its railroad and upon the east margin of the property which it had acquired from the Sutton brothers. On February 14, 1881, the Sutton brothers conveyed to the L. & N. R. R. Co. a right of way 66 feet in width, measured equally 33 feet on each side of the center line of the railroad. On March 19, 1881, they conveyed to the railroad company a strip of ground between construction stations 1056 and 1066, 1,000 feet long and 100 feet wide on each side of the center line of the railroad or 67 feet in width on either side of the original grant of 66 feet.

After describing the property conveyed the deed reads as follows: "To be used for depot purposes, subject to the following conditions, that is, the grantees

agree that on west side of center line of said road from station 1058 to station 1060 no buildings or pens or shed shall be erected, or anything except sidetracks and switches without consent of the grantors." The habendum clause is as follows: "To have and to hold the land hereby conveyed unto said railroad company and their assigns for use of depot buildings, sidetracks, water tanks, catle pens and all other proper use of said railroad company in operating their road, and for said uses the said grantors do hereby covenant to warrant the title of said land to the grantees and their assigns against all claims whatsoever."

A slight change having been made in the location of the center line of the railroad and the railroad company apparently desiring an additional 87 feet of ground, the Suttons on September 17, 1881, executed another deed to the railroad company by which they conveyed to it a strip of ground 1,087 feet in length and 100 feet wide on each side of the center line of the railroad, the habendum clause being as follows: "To have and to hold the lands hereby conveyed unto said railroad company and assigns for the use of depot buildings, side tracks, water tanks, cattle pens and all other proper uses necessary to operate its railroad, and the grantors do for themselves and heirs warrant the title to the lands aforesaid to the grantees and its assigns for the use above named against all claims whatever. This conveyance takes the place of the former deed for depot grounds except when the two cover the same land."

In the course of time the village of Woodbine grew up around this property. In 1915 a public road known as the Dixie Highway was constructed connecting Williamsburg and Corbin and passing through the village. In order to eliminate two railroad crossings the new highway was located, with the consent of the railroad company, on the west side of the railroad through the village of Woodbine and for the entire distance of 1,087 feet was constructed through the strip of ground 67 feet in width which had been conveyed by the Sutton brothers to the railroad company. Construction of this new highway cut off a strip of ground which, according to the evidence for appellees, varied in width from 4 feet to 20 feet and, according to the evidence for appellants, varied in width from 10 feet to 50 feet. On September 9, 1924, the railroad company for a recited consideraton of

$225.00 undertook by general waranty deed to sell and convey this narrow strip of ground 1,087 feet in length to the appellant, S. M. Barton. This deed described the strip as bounded on the east by the center line of the Dixie Highway and on the west by a line 100 feet west of and parallel with the center line of the railroad.

In 1887, Elihu Sutton having died, the 600 acre tract of land owned by the two brothers was partitioned and that part of the land east of the center line of the railroad was conveyed by a commissioner's deed to the heirs of Elihu Sutton and that part of the land west of the center line of the railroad was conveyed to Liberty S. Sutton. That part of the land conveyed to Liberty S. Sutton abutting on the strip of ground that had been conveyed to the railroad for depot and other purposes was later subdivided into town lots and sold to various purchasers.

In 1923 the appellee, S. T. Jarvis, acquired title to a lot abutting on the strip of ground in question at a point between construction stations 1058 and 1060. The appellant, Barton, also owned an abutting lot. Jarvis and his predecessors in title had used this ground to reach the Dixie Highway. Immediately after appellant, Barton, purchased this strip he erected a woven wire fence along the western margin thereof immediately in front of appellee, Jarvis', property thus cutting off his means of egress and ingress.

The appellee, Jarvis, then instituted this action in which he alleged that the act of the railroad company, in undertaking to convey the ground in front of his property to Barton, amounted to an abandonment thereof, and that that part of the strip of ground in front of appellee's lot reverted to him and he asked that appellant, Barton, be enjoined from entering upon it and from committing any trespass thereon. Upon submission of the case the chancellor granted appellee the relief he sought. After depositions had been taken and the case was ready for submission the appellant, Barton, filed an amended answer and counterclaim in which he asked that in the event he was not adjudged the owner of the entire strip of ground he be adjudged the owner of that part of it which fronts on and abuts the property now owned by him. The chancellor found that the railroad company had only acquired an easement in the land and having abandoned it that it reverted to the owners

of the abutting property who were successors in title to the Suttons.

Appellants contend that the two deeds from the Sutton brothers to the railroad company, conveying land for depot and other purposes, conveyed to the railroad company a fee-simple title and that the railroad company had a right to sell that land or any part of it. Appellees on the other hand contend that these deeds conveyed to the railroad company only an easement and that it only had the right to use the land for the purposes stated in the deed, and that when it ceased to use the land for the purposes named it reverted to the original grantors and their successors in title. The appellants rely on the case of Rollins v. Van Jellico Mining Company, 194 Ky. 41 238 S. W. 193. The terms of the deed in that case are not given in the opinion, but it appears there was no restriction or limitation upon the right of the grantee to the use of the land conveyed, and that it was in the usual and customary form of fee-simple deeds. In the course of the opinion it is said:

"There is filed with the petition a copy of the deed of appellant to the mining company as an exhibit, and it shows upon its face that the conveyance was an absolute one in consideration of $185.75, and the agreement to construct necessary crossings for the use of appellant, and the additional agreement to change the course of a small stream which ran along or through the strip of land."

The two deeds from Sutton brothers to the railroad company clearly indicate that the conveyance was made on condition that the ground should be used only for certain purposes, and that on certain portions of it no structures or improvements of any kind should be placed without the consent of the grantors except sidetracks and switches.

A deed similar to the one under consideration was construed in Laurel County v. Howard, 189 Ky. 221, 224 S. W. 762, and held to convey only an easement. It is insisted that the deed in the Laurel county case only conveyed ground for a right of way and the Sutton deeds conveyed ground for depot and other purposes and that, therefore, the deeds conveyed a fee-simple title to that portion of the land lying outside the strip 66 feet wide conveyed as right of way. We fail to see any difference

between a right of way deed and a deed conveying land to be used for depot buildings, sidetracks, water tanks, cattle pens and other proper uses necessary to operating a railroad. If the uses of the land are limited to certain purposes, the railroad company acquires only an easement for those purposes, and when the purposes for which the land was conveyed are abandoned, the land will revert, as it does where an easement has been acquired for right of way purposes.

The courts are not inclined to favor forfeiture of easements unless the intent to abandon them plainly appears. The act of the railroad company, however, in attempting to convey a fee-simple title to the appellant, Barton, is conclusive evidence of its intent to abandon the ground for the purpose for which it had been conveyed to it. L. & N. R. R. Co. v. Covington, 2 Bush 526. The appellant, Barton, therefore acquired no title under the deed from the railroad company and the ground reverted to the successors in title of Liberty S. Sutton.

The judgment is affirmed.