## Mammoth Cave National Park Ass'n v. State Highway Commission et al.

(Decided Dec. 20, 1935.)

RODES & HARLIN for appellant.

BAILEY P. WOOTTON, Attorney General, for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

During the years 1885 and 1886, the Mammoth Cave Railroad Company, hereinafter referred to as the railroad company, acquired deeds from various landowners for a right of way 50 feet in width running from the main line of the Louisville & Nashville Railroad Company at Glasgow Junction to Mammoth Cave, a distance of something over 2 miles. Immediately thereafter, a railroad was constructed on this right of way and was continuously operated until about June, 1931. In March, 1931, the Mammoth Cave National Park Association, hereinafter called the park association, purchased all the stock of the railroad company. The park association caused the stock to be transferred to certain individuals as its agents, and new officers of the railroad company were elected. In June, 1931, the officers were authorized to remove all the ties and rails from the right of way, and before November of that year this had been done and the ties and rails stacked at different points on the Louisville & Nashville Railroad. In March, 1935, the railroad company conveyed all its real property to the park association by a deed which conveyed "all its railway, together with all rights, privi-

leges, immunities, powers, and franchises * * * and including all the right of way and property belonging to said grantor. * * * "

The habendum clause in the conveyance reads:

"To have and to hold unto the said Grantee, its successors and assigns in trust for the United States of America for National park purposes, for a period of five (5) years, at the end of which time if not conveyed to the United States of America for National Park purposes, the lands herein conveyed are to be held in fee simple by the grantee, its successors and assigns forever."

The park association instituted this action against the state highway commission and individual members thereof, and against a resident and district engineer employed by the highway commission, and J. B. Westerfield, a contractor, setting up the foregoing facts and alleging that defendants have unlawfully and without right and against plaintiff's will or consent entered upon a portion of the railroad's right of way described in the petition and are tearing up and removing therefrom earth, and are threatening to continue so to do from day to day in violation of plaintiff's right and to its injury and damage in the sum of $1,000.

It is further stated in the petition that the right of way is not being used for railroad purposes, but that the park association will hold the land for a period of 5 years from the date of the deed, in trust for the United States for national park purposes; that at the time of the institution of this action it had not conveyed same to the United States, nor been requested to do so by the National Park Service; that it is entitled to hold the land and to use same in the future as may be directed by the National Park Service for railroad purposes or in any other manner it may think proper; that it owns the land conveyed to it as a right of way in fee simple.

It prayed that its title to the land acquired from the railroad company, and particularly that portion of same trespassed upon and unlawfully taken by defendants, be quieted, and that defendants be adjudged to have no right or interest therein, that defendants be enjoined and restrained from continuing to trespass on or from entering upon any portion of the property; and for damages in the sum of $1,000.

Plaintiff filed with as a part of its petition deeds from certain property owners to the railroad company for the right of way in controversy alleging that the terms and conditions in all the deeds are identical.

The Attorney General on behalf of the highway commission and other defendants who were acting under its authority interposed a demurrer to the petition as amended, which was sustained, and plaintiff declining to further plead, its petition was dismissed, and it is appealing.

While it does not appear in the petition, it is stated by counsel for appellant that the highway commission claims to have acquired the right of way in controversy under a release or some character of conveyance from property owners who conveyed the right of way to the railroad company. It is admitted in brief by counsel for appellant that the only question presented by this appeal is a proper construction of the deeds from various landowners to the railroad company; it being their contention that under these conveyances the railroad company acquired a fee-simple title to the land and not merely a right of way or easement over it; that under the deed from the railroad company, it held the land in fee for the purposes therein indicated.

On the other hand, the Attorney General maintains, in substance, that the railroad company merely acquired an easement or right of way which was extinguished, and the land reverted to the grantors or their vendees when the tracks were torn up and the right of way abandoned for railroad purposes.

The deed from Joseph W. Mathews and wife to the railroad company, filed as an exhibit with the petition as amended, is typical of all the deeds; the granting clause in part reading:

"* * * For and in consideration of running their contemplated Road on and along their land, as well as in consideration of the sum of One Dollar, to them in hand paid, * * * hath given, granted, bargained and sold, and by these presents doth give, grant, bargain and sell to the said Mammoth Cave Railroad Company, and their successors and assigns, the Right of Way, described below, over which to pass, at all times, in any manner they may

think proper, and particularly for the purpose of running, erecting and establishing thereon a Railroad. * * * ''

The habendum clause reads:

''To have and to hold the same unto the said Mammoth Cave Railroad Company, their successors and assigns, to their own proper use, benefit and behoof forever, in fee simple. Under condition, and it is expressly understood that should the said Railroad contemplated as aforesaid, be not located and established, on and along said strip, tract or parcel of land, described in the above and foregoing indenture, then said indenture is to be wholly null and void, and of no effect. * * *''

This is followed by the usual general warranty clause.

The primary and controlling object and purpose in construing a deed or other writing is, if possible, to ascertain and give effect to the intention of the parties as disclosed from the instrument as a whole, and if, in this instance, that can be done, it is unnecessary to concern ourselves with argument concerning preferences to be given to one clause of the deed over another, or to invoke the aid of technical or collateral rules of construction.

In determining whether the deed in question conveyed a fee in the land or merely a right of way or easement, we are not without authority in this jurisdiction. In the case of Laurel County v. Howard, 189 Ky. 221, 224 S. W. 762, Moore and wife conveyed an unconditional right of way through their property to the Louisville & Nashville Railroad Company for a stated sum, and for the further consideration of the benefits to be derived from the Knoxville branch of the company's line being extended through the grantor's property. It was held that the deed conveyed merely an easement and not a fee-simple title to the land; that when it was abandoned by the company for the purposes for which it was acquired, the land reverted to the grantor or to their successors in title.

In Barton et al. v. Jarvis et al., 218 Ky. 239, 291 S. W. 38, land was conveyed to a railroad company for railroad purposes with a covenant of warranty of title to the land for the uses indicated. It was held that the

use of the land conveyed to the railroad company being limited to certain purposes, the company acquired only an easement, and that when it abandoned the land for railroad purposes and conveyed it to another, the easement terminated and the land reverted to the successor of the grantor. Other cases from this jurisdiction directly in point or bearing close analogy might be cited, but these are in harmony with the great weight and trend of authority, and are conclusive.

As a matter of first impression, the case of Rollins v. Van Jellico Mining Company et al., 194 Ky. 41, 238 S. W. 193, might appear to be in conflict with the other Kentucky cases, but in that case the deed conveyed to the mining company a tract of 4.75 acres by a deed of warranty conveying the absolute fee without any conditions or restrictions as to the use of the property. The land was conveyed by the mining company to the Louisville & Nashville Railroad Company, and the latter erected a switch or spur track lengthwise over the tract. Fourteen or fifteen years thereafter, the mining operations ceased and the railroad company tore up and removed its tracks. On the theory that the deed to the mining company was for railroad purposes only, and that upon abandonment of it for such purposes it reverted to the grantor, Rollins sought injunctive relief against trespasses upon the land by others under some sort of claim from the mining and railroad companies. It was held that the deed conveyed a fee-simple title to the land, and in the course of the opinion it was said that the right of Rollins must be determined not from the allegations of his petition that the conveyance was for right of way purposes only, but from the provisions of the deed which was filed with and made a part of his petition.

In the case of Abercrombie v. Simmons et al., 71 Kan. 538, 81 P. 208, 1 L. R. A. (N. S.) 806, 114 Am. St. Rep. 509, 6 Ann. Cas. 242, it was held that a deed to a strip of land 50 feet in width and containing something over 6 acres acquired for a right of way did not convey title in fee to the land, but merely a right of way over it, and the fact that the deed contained a covenant of warranty or that the right acquired was designated as a fee was not necessarily controlling; that the strip was taken for a specific purpose, and the company could only hold it so long as it was devoted to that purpose.

In Uhl v. Ohio River Ry. Co., 51 W. Va. 106, 41 S. E. 340, it was held that a right of way in a deed or grant to a railroad company means an easement, and does not pass the absolute title to the land. To the same effect, see Ottumwa, C. F. & St. P. Railway Co.. v. McWilliams, 71 Iowa, 164, 32 N. W. 315; People v. White, 11 Barb. (N. Y.) 26; Cleveland, C. C. & I. Railway Co. v. Coburn, 91 Ind. 557; Pipe Line Co. v. Ry. Co., 62 N. J. Law, 254, 41 A. 759, 42 L. R. A. 572; Jones v. Van Bochove, 103 Mich. 98, 61 N. W. 342; Cincinnati, I., St. L. & C. Ry. Co. v. Geisel, 119 Ind. 77, 21 N. E. 470; Chouteau v. Mo. Pac. Ry. Co., 122 Mo. 375, 22 S. W. 458, 30 S. W. 299; Kellogg v. Malin, 50 Mo. 496, 11 Am. Rep. 426; Kansas Central Ry. Co. v. Allen, 22 Kan. 285, 31 Am. Rep. 190; Boyce v. Mo. Pac. Ry. Co., 168 Mo. 583, 68 S. W. 920, 58 L. R. A. 442; East Tenn., V. & G. Ry. Co. v. Telford's Ex'rs, 89 Tenn. 293, 14 S. W. 776, 10 L. R. A. 855; Robinson v. Missisquoi Ry. Co., 59 Vt. 426, 10 A. 522; East Alabama Ry. Co. v. Doe, 114 U. S. 340, 5 S. Ct. 869, 29 L. Ed. 136.

Here it was a part of the consideration that a railroad be constructed and operated over the lands granted, and the conveyances clearly bespeak a purpose and intention to grant a right of way for that purpose. The fact that there was a covenant of warranty and the right acquired was designated as a fee is not controlling, but, when considered in connection with other parts of the instruments, clearly indicates a purpose and intention to convey a continuous and perpetual right, title, and use of the land so long as it was devoted to the purposes for which it was acquired.

Having reached the conclusion that the deeds in question did not pass a fee-simple title to the land, it only remains to be determined whether the property had been abandoned for the purposes for which it was acquired and the right of way or easement thus terminated.

Forfeiture of easements like other forfeitures are not favored by courts, and mere nonuse or temporary suspension of use without adverse possession is not alone sufficient to establish abandonment. Morris v. Daniel, 183 Ky. 780, 210 S. W. 668; Malone v. Jones, 211 Ala. 461, 100 So. 831; Fulcher v. Dierks Lbr. & Coal Co., 164 Ark. 261, 261 S. W. 645; Arlington Realty Co. v. Keller, 105 N. J. Eq. 196, 147 A. 437. While long-

776

continued nonuser or suspension of use are not of themselves conclusive evidence, they are factors to be considered when coupled with other acts evidencing the intention to abandon, in determining whether an easement has been relinquished. Babcock v. Gregg, 55 Mont. 317, 178 P. 284; Knotts v. Summit Park Co., 146 Md. 234, 126 A. 280; 9 R. C. L. 812.

"Abandonment of an easement will be presumed when the owner of the right does, or permits to be done, any act inconsistent with its future enjoyment. * * * " 9 R. C. L. 813, sec. 69.

The record clearly discloses that the railroad company, by abandoning the use of its railroad, tearing up and removing its tracks, and attempting to convey the land to others to be dedicated to other purposes, abandoned its right of way, and the lands thereupon reverted to the grantor or their successors in title.

Judgment affirmed.

Whole court sitting.