## Davis et al. v. Rose et al.

May 30, 1939.

J. B. Johnson for appellants.

R. S. Rose, R. L. Pope, C. B. Upton and B. B. Snyder for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming in part and reversing in part.

On August 1, 1934, R. S. Rose and Lucy Rose, his wife, instituted this action against the L. & N. Railroad Company, hereinafter referred to as the L. & N., Jicie

Smith, B. Cluggish and wife, Starling Smith, Charlie Davis and wife, Frank Davis and other parties alleging that they were the owners and entitled to possession of two tracts or parcels of land all in one body in Williamsburg, Kentucky, the first being a long strip once used by the L. & N., about 4,000 feet long and 66 feet wide, extending from the underground pass in Williamsburg down the Cumberland river and containing about four acres, and the second tract being the same conveyed to them by R. L. Pope and W. H. Brummitt and those and other parts of the tract owned and alleged to be in their possession are fully described in the petition; that on December 8, 1924, the L. & N., without any foundation in fact, asserted a claim to the long strip of land first described, and certain parts of other land described in the petition, and at a time when plaintiff's condition was such that he did not have any desire to have any controversy with the L. & N. and the latter knowing of such condition fraudulently and without any right whatsoever asserted its pretended claim to the land and under the existing condition obtained a compromise by which he paid it the sum of $385 in cash to purchase his peace with respect to the title and possession of the land; that within fifteen years last past plaintiff had definitely ascertained that the claim was wholly unfounded and void and the L. & N. knew of that fact at the time but asserted its claim and exacted and extorted the sum of $385 from plaintiff; that they had been in the actual possession of all land, claiming same as their own, openly, continually, actually, peaceably and adversely to all the world for more than fifteen years next before the filing of this action; that after the plaintiffs purchased their peace from the L. & N. it pretended to sell to Frank Davis certain parts of the land described in the petition at a time when plaintiffs were in actual possession of same under good and sufficient paper title and also under good title by adverse possession and that the latter was trespassing on certain parts of the land and claiming same as his own; that the other defendants and Frank Davis were all claiming to own lots on the hill in Williamsburg above lands of plaintiffs and each through fictitious and fraudulent claims under the L. & N., or under no claim thereto had unlawfully and wrongfully moved their fences back on plaintiffs' land and otherwise trespassed thereon. They prayed judgment against the defendants jointly and severally

for the sum of $500 and against the L. & N. for the sum of $385 with interest from December 8, 1924.

The first paragraph of the separate answer of the L. & N. traversed the allegations of the petition and alleged that it deeded the first tract referred to in the petition to plaintiff for a consideration of $150. In a second paragraph it alleged that on April 4, 1918, it leased to R. S. Rose the first tract described in the petition for a term of five years for which he paid an annual rental of $36; that he took and held possession of the land for five years under and by virtue of the lease and remained in possession of it until December 8, 1924, when it made a quit-claim deed to him for $150 as the sole and only consideration; that he had since been in the free and undisputed use and possession of the land; and by reason of the facts alleged he was estopped from questioning or denying its title to the tract of land or any part thereof or its right to convey same to him by quit-claim deed. The third paragraph of the answer constituted a plea of limitation.

By separate answer Frank Davis traversed the allegations of the petition as to him, alleging in substance that he owned and was in possession of a tract of land described in the answer and that he acquired title to same by deed from the L. & N. Above named defendants who owned the lots adjacent to the land of plaintiff, as set out in the petition, made a general denial of the allegations of the petition as to them and each alleged that they owned their respective lots and set out the deeds under which they acquired title. They further alleged in effect that their fences along the first tract described in the petition were where they had been for years; that all of the parties acquired title from a common grantor and that the first tract referred to in the petition was acquired by the L. & N. from the common grantor, one Sutton, for right of way purposes only with the agreement and understanding that when its use for that purpose ceased or terminated the land would revert to the grantor; that the L. & N. had abandoned the right of way and by right of reversion they had become the owners to the extent of the width of their lots to the center of the right of way. Issues were completed by reply traversing the affirmative allegations of the answers.

On final hearing it was adjudged that plaintiffs had

failed to manifest any right of recovery against the L. & N. and that their petition against it be dismissed and that it recover its costs against them; that plaintiffs had failed to manifest any right to the relief sought against Jicie Smith, B. Cluggish and wife, Charlie Davis and wife, Frank Davis and Starling Smith and the petition as to each of them be dismissed; that the above named defendants, other than the L. & N. had failed to manifest any right to the relief sought by their counter-claim and that the counter-claim of each of them be dismissed and they take nothing thereby.

Plaintiffs excepted to so much of the judgment as was adverse to them, and the defendants, other than the L. & N., excepted to so much of the judgment as was adverse to them. The defendants, other than the L. & N., have appealed and a motion of appellees, plaintiffs below, for cross-appeal, has been passed to the merits. The L. & N. has interposed objection to the motion for cross-appeal against it, and we shall first dispose of the motion for cross-appeal. Unquestionably appellees are entitled to a cross-appeal against appellants, that right in fact is not questioned. A cross-appeal is also sought against the L. & N., when it has not been made a party to the appeal either as appellant or appellee.

A cross-appeal can not be granted by the circuit court but can only be taken in the court of appeals on motion made before final submission. Center v. Rose, 252 Ky. 463, 67 S. W. (2d) 698; Chiles v. Robinson, 224 Ky. 71, 5 S. W. (2d) 269, and a cross-appeal can only be granted against an appellant who prosecuted the original appeal.

In the case of Hessig v. Hessig's Adm'r, etc., 130 Ky. 685, 113 S. W. 851, it is said:

"By section 755, Civil Code of Practice, the appellee may obtain a cross-appeal, at any time before trial, by an entry on the records of the Court of Appeals; but a cross-appeal can only be granted as against the appellant who brings the original appeal to this court. Parties not before this court on the appeal are not affected by a cross-appeal. Daviess County [Court] v. Howard, 13 Bush 101. If other parties are concerned, and it is desired to have the judgment reviewed on appeal as against them, the party complaining must prosecute his appeal by

original appeal, which he may do notwithstanding the pendency of the appeal between other parties.''

To the same effect see Security Trust Co. v. Insurance & Trust Company, 259 Ky. 628, 82 S. W. (2d) 828; City of Pikeville v. Dils, 175 Ky. 697, 194 S. W. 918; Daviess County Court v. Howard, 76 Ky. 101, 13 Bush 101. Therefore the motion for a cross-appeal against appellants is sustained and the cross-appeal granted, but as to the L. & N. the motion is overruled and the cross-appeal denied.

At the outset we note that each of the parties is asserting that the other must recover if at all upon the strength of their own title and not upon the weakness of the title of the adversary. Without specific reference to questions discussed in briefs for respective parties as shown by points and authorities attached thereto, we shall dispose of the questions presented for determination in the order in which they are presented by the various paragraphs of the judgment.

There is ample evidence to sustain the chancellor's finding that appellees failed to establish or manifest any right to the relief sought in their petition against appellants. There is some evidence by appellee and others indicating that appellants who own lots on the hill above the lands of appellee have moved their fences over on to lands claimed by appellee; but the greater weight of the evidence is to the contrary and the lot owners and other witnesses, many of whom were disinterested, testified that the fences were where they stood when the present owners purchased the lots and for many years theretofore; that some of the fences had been replaced by present owners and along the line of the old fences; that the old fences had the appearance of having stood there for many years, the wire being eaten away by rust and the posts rotten and decayed.

While this cause was apparently brought as an action at law, it has been practiced and treated as an equitable action; however, in either state of case, the judgment in the proven circumstances would have to be affirmed in this particular, since, where a jury is waived and a cause is tried by the court, its finding has the effect and conclusiveness of the verdict of a jury. Breslin v. Sprigg, 194 Ky. 258, 238 S. W. 755. And it is a general rule that where the evidence is sufficient to support a finding or verdict of a jury it is conclusive and

will not be disturbed on appeal. Howind v. Scheben, 233 Ky. 139, 25 S. W. (2d) 57; Addington v. Chatham, 228 Ky. 430, 15 S. W. (2d) 254. While the finding of the chancellor in an equity action is not treated as a verdict of a properly instructed jury it will not be disturbed on the facts if supported by the evidence or where on the record as a whole the mind is merely left in doubt concerning the correctness of the chancellor's finding. Richard Ritter, Inc., v. Morris Hess & Co., 211 Ky. 730, 277 S. W. 1016; Forguson v. Newton, 212 Ky. 92, 278 S. W. 602; Lewis v. Shell, 205 Ky. 624, 266 S. W. 254.

Concerning appellant's counterclaim it is shown by the evidence that in December 1882, J. W. Sutton and wife granted and conveyed to the L. & N. an unconditional right of way through their lands, the strip of land first referred to in appellee's petition. The L. & N. constructed thereon a spur track from its main line down the river to a flour mill and saw mills. The mills ceased operation many years ago and the L. & N. had little occasion to further use the spur track and especially the lower end thereof and it is claimed that after it ceased to use it it removed the last portion thereof in 1914 or 1915. Appellants took deeds to their lots on the hill above the lands of appellees by well defined boundaries which did not include any of the railroad right of way and these deeds were taken many years after the L. & N. had abandoned the use of its spur track. They never made claim to any part of the right of way until this litigation arose. Clearly it was not intended that the deeds would cover anything more than the boundary conveyed or that they should include any right of reversion in the railroad right of way. According to the evidence appellee had been claiming and exercising control and ownership as against the owners of these lots long before appellant purchased them. In such circumstances it is our conclusion that the judgment is correct with respect to the counterclaim of appellants, insofar as the lots referred to are involved.

When we come to the small tract of land purchased by Frank Davis from the L. & N. under quit-claim deed, an entirely different situation is presented. One White had conveyed a tract of land on and near the spur track of the L. & N. in fee simple by warranty deed and without any conditions or restrictions as to its use; and it was a portion of this tract that the L. & N. conveyed by quit-claim deed to Frank Davis.

In Laurel County v. Howard, 189 Ky. 221, 224 S. W. 762, an unconditional right of way had been conveyed to the railroad company for a stated pecuniary consideration and the further consideration of the benefit to be derived from the construction of the railroad through the property. It was held that the deed merely conveyed an easement therein and not a fee simple title to the land and when abandoned for that purpose for which it was acquired, the land reverted to the grantor or their successors in title. In Barton et al. v. Jarvis, 218 Ky. 239, 291 S. W. 38, land was conveyed to a railroad company for railroad purposes with covenant of warranty of title to the land for the use indicated. It was held in substance that the use of the land being limited to certain purposes the grantee acquired only an easement which when abandoned terminated and the land reverted to successors in title of the grantor. However, in Rollins v. Van Jellico Mining Co., 194 Ky. 41, 238 S. W. 193, it appears that the mining company purchased a small tract of land by warranty deed conveying it absolutely without any restriction or condition as to the use thereof. The land was afterwards purchased by a railroad company which constructed a spur track lengthwise over the tract. Many years thereafter the mine ceased operation and the railroad company tore up and removed the track. Claim that the land reverted to the grantor who sought injunctive relief against trespassers on the land by others claiming under the two companies was denied because as was held the deed conveyed a fee simple title to the land. A full discussion of the subject treated in the foregoing cases and citation of authorities bearing thereon will be found in Mammoth Cave National Park Ass'n v. State Highway Commission, 261 Ky. 769, 88 S. W. (2d) 931.

It appears from the evidence of an engineer for the L. & N. and from a blue print prepared by him and filed in evidence that the deed from White to the L. & N. covered a portion of the right of way in controversy and that the L. & N. acquired a fee simple title to that part of the right of way. A portion of the right of way included in the boundary of the deed from White to the L. & N. was conveyed by the latter to appellees under a quit-claim deed. As we gather from the record, appellees are making claim to this tract of land under a deed from M. J. Hoffman and wife but it is not shown that Hoffman ever acquired any right of title thereto and the

engineer testified that the description in the deed only covered that portion of the right of way in the boundary of the deed from White to the L. & N. R. S. Rose testified that he thought the lease from the L. & N. to him not only covered the right of way but all other lands owned by the lessor within the boundary claimed by him. He therefore knew the L. & N. was making claim to lands other than the right of way and recognized its right and title when he accepted a deed to the right of way, a portion of which was included in the boundary conveyed by White to the L. & N. This deed was made on December 8, 1924, and within fifteen years before appellee instituted this action. It is our conclusion that the L. & N. acquired a fee simple title to the White property and that it did not revert to the grantors or their successors in title when or because the L. & N. ceased to use it for a tie lot and there is evidence that the L. & N. did not abandon the lot but continued to make claim to it until it conveyed it by quit-claim deeds. It is our conclusion that appellees failed to show paper title by adverse holding to any portion of the lot conveyed by the deed from White to the L. & N. except that portion of the right of way included therein which the L. & N. conveyed to them by quit-claim deed. Therefore appellant Frank Davis is entitled to the relief sought in his counterclaim with respect to the lands conveyed to him by the L. & N.

It is contended by appellants that the court erred in permitting depositions for appellees to be filed because they were taken after the time fixed by the court for appellees to take proof but under the showing made that was a matter within the discretion of the court and we are not prepared to say that there was any abuse of discretion.

Wherefore, the judgment is affirmed in part and reversed in part on the appeal and is affirmed on the cross-appeal with directions to enter judgment in conformity with this opinion.