## Vanhoose v. Wheeler, et al.

(Decided January 25, 1911.)

### Appeal from Johnson Circuit Court.

1. Right to Appeal.—A party cannot appeal from a judgment which gave him all the relief he asked in his petition.

2. Decision of Question not Before the Court.—A provision of a judgment which expressed an opinion upon an academic question not before the court, was not binding upon any one, or prejudicial to appellant's rights.

3. Appeals—Cross Appeals.—Where both parties were granted an appeal by the circuit court, and the appellees neither prosecuted their appeal nor took a cross appeal in the Court of Appeals, the error assigned by their appeal will not be considered.

VAUGHN, HOWES & HOWES, for appellant.

W. E. LITTERAL and JOHN W. WHEELER, for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Dismissing the appeal.

At the April term, 1910, the appellant Noah Vanhoose, the jailer of Johnson county, moved the fiscal court of that county, pursuant to section 3948 of the Kentucky Statutes, to appropriate, for the year 1910, a sum sufficient to purchase labor and material to keep the public square, courthouse, clerk's offices, jail and other public buildings at the seat of justice, including the jailer's residence, in a clean, comfortable and presentable condition, and to heat and light the same. The fiscal court refused to make the appropriation; whereupon Vanhoose filed his petition in the circuit court praying that a writ of mandamus be issued against the members of the fiscal court requiring them to make the appropriation directed by the statute. Evidence was taken, and, upon final hearing, the circuit court entered a judgment by which it ordered the fiscal court to meet on or before December 27th, 1910, and set apart the sum necessary to keep the property mentioned in section 3948 in repair, and in a clean, comfortable and presentable condition for the remainder of the fiscal year; that no part of said sum should be paid to the jailer unless necessary to carry out the provisions of the section, and that the jailer should not be empowered to pay the same out recklessly, but only when necessary. Proceeding, however, beyond the scope of the petition, the judgment undertook to construe section 3948 by saying that the jailer "could not

employ a person to perform regular work unless necessary to keep up said repairs, &c., named therein, and to thereby pay out an unnecessary salary for a trifling service he, himself, is expected to do, for little or no compensation." Both parties appealed from the judgment, and Vanhoose prosecutes this appeal.

The circuit court properly required the fiscal court to make the appropriation. (See Adair Fiscal Court v. Conover, this day decided.)

We are unable, however, to say that appellant has any ground for complaining of the judgment from which he has appealed. It required the fiscal court to do all that he asked should be required of it, and all that the statute requires. It is elementary, that a litigant cannot complain of a judgment entered at his request. The provision of the judgment which went further and undertook to academically construe section 3948 of the statutes, as to its possible future operation in a case not before the court, was not binding upon any one and did not prejudice appellant's rights under the judgment entered in conformity with the pleadings.

The fiscal court also prayed an appeal in the circuit court from that judgment; but, as it has neither prosecuted that appeal nor taken a cross-appeal in this court, it is not complaining here, and the error assigned by its appeal will not be considered. Taylor v. Harrison's Ex'tx, 18 Ky. Law Rep., 164; Trimble v. Lewis, 14 Ky. Law Rep., 527.

The appeal is dismissed.