## Center et al. v. Rose et al.

(Decided Jan. 23, 1934.)

E. C. HYDEN for appellants.
LEEBERN ALLEN for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

W. D. Center, a brother of G. M. Center, and a relative of Dr. G. M. Center, died in the year 1926, survived by several infant children. On August 26, 1927, G. M. Center was appointed guardian of the infants, and executed bond with Dr. G. M. Center as surety. During his guardianship, there came into his hands the sum of $1,870. Without settling his accounts, he became a nonresident, and C. C. Rose was appointed to take his place. Thereafter Rose brought suit against G. M. Center, the former guardian, and his surety, to recover the $1,870. G. M. Center filed an answer denying all the allegations of the petition. At the same term a default judgment was rendered against Dr. G. M. Center, who had been served with process. On final hearing judgment was rendered against G. M. Center for $1,660, and the former judgment against Dr. G. M. Center, the surety, was ordered to be credited with the sum of $210. On motion the judgment against G. M. Center and the default judgment against Dr. G. M. Center was set aside. From that order an appeal was prosecuted by the guardian and children, and from the original judgment Dr. Center prosecuted a separate appeal. On the appeal of the guardian, the judgment was affirmed as to G. M. Center and reversed as to Dr. G. M. Center. On the appeal of Dr. G. M. Center, the original judgment against him was reversed. Center's Guardian v. Center, 244 Ky. 502, 51 S. W. (2d) 460. On the return of the case other depositions were read, and on final hearing judgment for $1,304.83 was rendered against G. M. Center and Dr. G. M. Center. They appeal.

While the judgment recites that plaintiffs, now appellees, prayed, and were granted, a cross-appeal, it must not be overlooked that a cross-appeal can only be taken in this court upon motion made before final submission, and cannot be granted by the circuit court.

Civil Code of Practice sec. 755; Murphy v. Blandford, 11 S. W. 715, 11 Ky. Law Rep. 125; Mudd v. Mullican, 12 S. W. 263, 385, 11 Ky. Law Rep. 417; Chiles v. Robinson, 224 Ky. 71, 5 S. W. (2d) 269. Not having prosecuted an original appeal, and no cross-appeal having been granted by this court, the errors assigned by appellees cannot be considered. Vanhoose v. Wheeler, 141 Ky. 746, 133 S. W. 779.

Mrs. Evalee Center was the beneficiary in a $2,000 insurance policy which W. D. Center carried on his life. The $2,000 was collected and turned over to G. M. Center under a power of attorney to invest and reinvest. The $1,870 which came into his hands as guardian was paid to him in varying sums from time to time, and represented compensation to which the infants were entitled. Appellants insist, not only that the court erred in refusing the guardian a credit of $210, which was allowed on the first hearing, but in not holding that substantially all of the $1,870 received by the guardian was paid out for necessaries for the infants. Appellants have not the advantage of a settlement by the guardian in the county court. Aside from certain items incurred by way of expense in the collection of the compensation money, all that we have is numerous checks signed by G. M. Center, trustee, the most of which are payable to Evalee Center, the mother of the infant wards, without any designation of the purpose for which they were given. The burden was on the guardian, not only to show that the circumstances were such as to authorize an expenditure of the principal for the maintenance and education of his wards, but also to show that the expenditures were for that purpose. In view of the fact that the guardian, as attorney in fact of Evalee Center, was indebted to her, and that many of the checks payable to her were for her personal benefit, and not for the benefit of the children, and none of them show for what purpose they were given, it is practically impossible to determine the precise credits to which the guardian is entitled.

The chancellor did not refer the cause to the master commissioner for a settlement of the guardian's accounts, but picked out certain credits, aggregating the sum of $565.17, which he thought were authorized by the exhibits and other evidence. It would seem that this list includes the credits embraced in the $210, which was

allowed as a credit on the original hearing. However this may be, a careful consideration of the record has led to the conclusion that the chancellor dealt rather liberally with the guardian, and that the guardian has not shown himself entitled to any other credits than those allowed by the judgment.

Judgment affirmed.