## Catlett et al. v. Johnston et al.

May 17, 1940.

C. H. Wilson, Judge.

R. W. Lisanby and J. Gordon Lisanby for appellants.

Marshall P. Eldred for Marshall P. Eldred.

Frederick Olszweski and George M. Dearing for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

Mrs. Nannie R. Catlett died on December 15, 1931, a resident of Caldwell County, and her will was duly probated there in the county court. She left certain specific bequests of real estate; also, specific pecuniary bequests to her sisters, Mrs. Necie Brannock and Mrs. J. V. Johnston, of $3,000 and $2,000, respectively. The sixth and eighth paragraphs of the will of testatrix read:

"Sixth: All the rest, residue and remainder of my estate, of whatever kind and wherever located, I wish divided into three parts, to be distributed as follows, to-wit: (Here follows the names of three classes of devisees).

"Eighth: I hereby designate and appoint Marshall P. Eldred as executor of this will, and direct that he sell, without order of court, such real and personal property left in the residue of my estate as may be necessary to carry out the distribution set up in clause six thereof."

Due to the financial depression which greatly reduced the value of certain intangible securities owned by testatrix, there was not sufficient cash or personalty in her estate to pay the two specific pecuniary bequests aggregating $5,000, and the executor by deed of date February 1, 1934, conveyed to Mrs. Brannock and Mrs. Johnston the real estate mentioned in the residuary

clause in satisfaction of the balance of $4,000 due them as specific pecuniary devisees. Some of the residuary legatees were infants, and their guardians, joined by those of them who were of age, instituted this action in equity against Mrs. Brannock, the executor and the heirs-at-law of Mrs. Johnson (she having died in the meantime) averring that the deed executed by the executor was void; that the grantees therein be required to account for rents received from this property; that if any sum be due the grantees (the pecuniary devisees), that the court take charge of the property conveyed and satisfy it from the rents received.

A plea in abatement filed by the executor was sustained and he went out of the case. The answer of the pecuniary devisees, who are the appellees here, alleged there was not sufficient cash or personalty in the estate to satisfy the balance of $4,000 due them under their specific pecuniary bequests and in order to pay same it was necessary to sell this real estate; that the executor was unable to find a sale for such real estate and conveyed it to them in satisfaction of the balance due on their pecuniary bequests; that such conveyance was made with the knowledge, consent and acquiescence of the residuary legatees.

Issues were joined by appropriate pleadings and depositions were taken. The proof showed the rents appellees had received from the real estate conveyed them lacked only $576.16 of paying the balance due on the $5,000 specific pecuniary bequests, and the chancellor adjudged that the deed be set aside, and that the appellees have a first lien on the rents from the real estate attempted to be conveyed to secure them in the sum of $576.16. A receiver was appointed to take charge of the real estate and pay the rents to appellees until this $576.16 was satisfied.

Both the appellants and appellees reserved exceptions to the judgment and appellants prosecute this appeal asking a reversal on two grounds: 1. Where specific pecuniary devises are made and there is not sufficient cash or personalty in the estate to satisfy them, such devises fail; 2. such devises having thus failed, the rents received from the real estate conveyed in satisfaction of them should have been returned to the appellants as the owners of the real estate wrongfully conveyed.

Appellants cite no authority in their brief to sustain their position for the very good reason there is none to be found in the books. In the comparatively recent case of Ballinger's Devisees v. Ballinger's Adm'r, 251 Ky. 405, 65 S. W. (2d) 49, this court wrote a full and exhaustive opinion on the subject of what happens where there is not sufficient personalty or cash in the estate to satisfy specific pecuniary bequests. We held that when this condition exists in the estate, in the absence of a contrary intention appearing in the will, or modification by statute, that the residuary estate is first to be appropriated to satisfy specific pecuniary bequests. In that opinion the rule is stated both directly and conversely so there can be no doubt as to just what parts of an estate are taken, and the order of the taking, where there is not sufficient cash or personalty in the estate to pay specific pecuniary bequests and resort must be had to other assets of the estate in satisfying them. Therefore, it is not necessary to again write that rule here, but we refer the reader to the Ballinger case and the authorities therein cited. It follows the chancellor did not err when he adjudged that the real estate mentioned in the residuary clause is liable for the balance of $576.16 due the specific pecuniary legatees. Certainly, the residuary legatees cannot complain when the chancellor ordered this sum paid from the rents rather than upholding a sale of the property to satisfy it.

The appellees raise several nice and interesting questions of law in their brief, but not having prosecuted the original appeal and no cross-appeal having been granted them by this court, the errors assigned by appellees cannot be considered, Center v. Rose, 252 Ky. 463, 67 S. W. (2d) 698. Counsel for appellees complains in his response brief that the alleged secret manner in which counsel for appellants had the record prepared and transmitted here deprived him of the opportunity of presenting his grievances by a cross-appeal. We cannot see how that could be, as Section 755, Civil Code of Practice, reads:

"1. The appellee may obtain a cross-appeal, at any time before trial, by an entry on the records of the Court of Appeals. * * * 3. The failure of an appellant to prosecute an appeal, or his dismissal of it shall not prevent the appellee from prosecuting a cross-appeal."

To obtain a cross-appeal, all that was necessary for appellees to have done was to make a motion in this court before a final submission of the case. Chiles v. Robinson, 224 Ky. 71, 5 S. W. (2d) 269.

Judgment affirmed.